UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

K-2 INDUSTRIES, INC., d/b/a PAVILION GIFT
COMPANY,

                                        Plaintiff,

              -vs-                                          06-CV-643-JTC

SEAGULL STUDIOS, SEAGULL PEWTER,
ROYAL SELANGOR, ROYAL SELANGOR
INTERNATIONAL SDN. BHD., DON-MAR
ASSOCIATES, and
GENESIS MARKETING GROUP, INC.,

                                        Defendants.

_____

        In this action, plaintiff K-2 Industries, Inc., doing business as "Pavilion Gift Company"

("Pavilion") seeks injunctive relief and damages based on defendants' sale of a line of

candle products called "Heart Warmers," which plaintiff claims infringes its rights in a

product line called "Comfort Candles."  The complaint contains causes of action under the

federal Copyright Act and Lanham Act, and various common law theories, for copyright

infringement, unfair competition, trade dress infringement, deceptive trade practices, false

advertising, and unjust enrichment.

        Plaintiff named six separate entities as defendants, including "Seagull Studios" and

"Seagull Pewter," located in Canada; "Royal Selangor" and "Royal Selangor International

SDN. BHD." (referred to herein as "Royal Selangor International"), located in Malaysia;

"Don-Mar Associates," located in New Jersey; and "Genesis Marketing Group," located in

South Carolina.   Seagull Pewter, Don-Mar, and Genesis filed answers to the complaint

(Items 9, 10 and 11), and Seagull Pewter also asserted counterclaims for unfair

competition, deceptive business practices, and tortious interference with prospective business relations, alleging that its Heart Warmers products are non-infringing and that Pavilion's course of conduct (*e.g.*, sending threatening "cease and desist" letters to Pavilion's customers, threatening legal action, etc.) is intentionally calculated to destroy Seagull Pewter's business (*see* Item 9).

In lieu of answering, named defendants Seagull Studios and Royal Selangor filed a joint motion to dismiss the complaint against them for lack of subject matter or personal jurisdiction (Item 18), asserting they are not sueable corporate entities or persons but instead are trademarks and/or brand names owned by defendants Seagull Pewter and Royal Selangor International, respectively.  In a separate motion (Item 21), Royal Selangor International seeks dismissal of the complaint against it for lack of personal jurisdiction, asserting that it does not make, export, distribute, sell, market, or advertise Heart Warmers or any other candle products in the United States.[1]

After hearing oral argument, this court reserved decision on the motions pending further discovery and written submissions relating to the questions of subject matter and personal jurisdiction (*see* Items 39 and 40).   In accordance with the court's direction, depositions were taken of Chin Yoon Wong, identified as Seagull Pewter's President and Chief Executive Officer, and Poh Kon Yong, identified as Royal Selangor International's

---

[1]In addition to dismissal for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), defendants seek dismissal of the complaint for failure to state a claim upon which relief can be granted, citing Fed. R. Civ. P. 12(b)(6), and/or summary judgment, citing Fed. R. Civ. P. 56.  However, as discussed in the text of this order, defendant's arguments for dismissal are essentially jurisdictional in nature, and in any event, the facts alleged in the pleadings are sufficient to state claims for relief under the federal statues and common law theories set forth in the complaint, raising genuine issues of material fact precluding summary judgment at this stage of the litigation.

Managing Director, and the parties have submitted their supplemental memoranda and affidavits addressing the jurisdictional matters raised by the motions (Items 41 and 44).

In its supplemental memoranda, plaintiff concedes that, "[b]ased on the jurisdictional discovery completed by the parties, it appears that Studios is not a distinct corporate entity. Therefore, Pavilion consents to dismissal without prejudice of Studios as a defendant in this matter" (Item 41, p. 1).  Accordingly, defendants' motion to dismiss is granted with respect to defendant Seagull Studios.

As to the motions to dismiss brought by defendants Royal Selangor and Royal Selangor International, the depositions of Mr. Wong and Mr. Yong have revealed facts which indicate that while the words "Royal Selangor" are indeed used as a trademark or brand name of Royal Selangor International, there are also several corporations which use the words "Royal Selangor" in their name, including the named defendant Royal Selangor International as well as Royal Selangor, Inc., and Royal Selangor (USA), Inc. (*see* Item 42, Ex. 2 (Wong Dep.), pp. 69, 74; *see also* Item 42, Ex. 3 (Yong Dep.), p. 32).  These corporations are all owned by the same common shareholders, who–along with a consulting company named Cyscom, Inc.–also own Seagull Pewter (Wong Dep., pp. 23, 28-44, 66; Yong Dep., pp. 11-22, 25-31, 45-47).  Mr. Wong is president of both Seagull Pewter and Royal Selangor (USA), Inc., and also serves on the boards of directors of all three Royal Selangor entities (Wong Dep., pp. 17-21, 24; Yong Dep., pp. 21-24, 45-47).  Mr. Yong serves on the boards of directors of Royal Selangor International, Royal Selangor, Inc., and Seagull Pewter (Wong Dep., p. 41; Yong Dep., pp. 11-14).  In addition, the Royal Selangor entities maintain corporate offices located in the same Toronto,

Ontario, office building in which Seagull Pewter maintains an office (Wong Dep., pp. 52-53; Yong Dep., p. 47).

These facts are sufficient to establish a *prima facie* showing of both personal jurisdiction and subject matter jurisdiction over Royal Selangor International, and related Royal Selangor corporate entities, to defeat Royal Selangor International's motions to dismiss on the pleadings. *See Kernan v. Kurz-Hastings, Inc.*, 175 F.3d 236, 240 (2d Cir. 1999) (to defeat motion after jurisdictional discovery without evidentiary hearing, plaintiff's *prima facie* showing "must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant."). Considering the motion to dismiss for lack of subject matter jurisdiction first,[2] the law is clear that a case may be properly dismissed for lack of subject matter jurisdiction only "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In this case, plaintiff has invoked federal question jurisdiction under the Copyright Act and the Lanham Act, and has alleged ownership of "copyrights and federal copyright applications in the original Comfort Candles Products (the 'Comfort Candles Copyrights')" (Item 1, ¶ 13), as well as ownership of an application for trademark registration with respect to those products (*id.* at ¶ 16). For the purpose of ruling on defendant's motion to dismiss for lack of subject matter jurisdiction, and in the absence of any contrary showing based on the facts revealed through jurisdictional discovery, the court must accept these allegations as true. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974);

---

[2]*See Rhulen Agency, Inc. v. Alabama Ins. Guaranty Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990) (where defendant moves for dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction, as well as on other grounds, court should consider Rule 12(b)(1) challenge first because if motion is granted, other defenses and objections become moot).

*see also Atlantic Mutual Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992); *Tuff-N-Rumble Management, Inc. v. Sugarhill Music Pub. Inc.*, 49 F. Supp. 2d 673, 676 (S.D.N.Y. 1999).

The deposition testimony discussed above is also sufficient to raise genuine issues of fact with respect to whether Royal Selangor International might be found to have violated the statutory provisions alleged in the complaint based on theories of contributory, vicarious, or "corporate alter ego" liability. *See, e.g., Ez-Tixz, Inc. v. Hit-Tix, Inc.*, 919 F. Supp. 728, 732-34 (S.D.N.Y. 1996), and cases cited therein. On this score, plaintiff has sought leave to amend the complaint to allege facts discovered by way of the jurisdictional depositions which support these claims in much greater detail. Upon review of the proposed amended complaint, and in the absence of a showing of bad faith or undue prejudice, the court finds that leave to amend should be granted in order to clarify the pleadings with respect to the facts disclosed in the course of jurisdictional discovery. *See, e.g., A.V. by Versace, Inc. v. Gianni Versace S.p.A.*, 87 F. Supp. 2d 281, 297-99 (S.D.N.Y. 2000).

Finally, with regard to Royal Selangor International's motion to dismiss for lack of personal jurisdiction, it is settled law that personal jurisdiction over a foreign defendant in an infringement action is determined by reference to the law of the state in which the court sits. *See Sunward Electronics, Inc. v. McDonald*, 362 F.3d 17, 22 (2d Cir. 2004); *Overseas Media, Inc. v. Skvortsov*, 407 F. Supp. 2d 563, 567 (S.D.N.Y. 2006). Section 302(a)(1) of the New York State long-arm statute provides for the exercise of personal jurisdiction over any foreign defendant if that defendant "transacts any business within the state," and the

claim arises from those business transactions.  N.Y.C.P.L.R. § 302(a)(1).  It is not disputed that the business of Royal Selangor (USA), Inc. involves distribution of products in the United States, including the State of New York (*see, e.g.*, Yong Dep., p. 47), or that the claims alleged in the complaint arise out of that business.

The exercise of long arm jurisdiction over Royal Selangor International by a New York court must also satisfy constitutional due process standards.  *See Sunward*, 362 F.3d at 24; *see also Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp.*, 98 F.3d 25, 32 (2d Cir. 1996).  Construing the facts alleged in the light most favorable to plaintiff and resolving all doubts in its favor, the court finds nothing in the deposition testimony (or elsewhere in defendants' submissions) to dispute plaintiff's *prima facie* showing that Royal Selangor International's contacts with New York, through its related corporate entities, were sufficiently "continuous and substantial, and in no way random, fortuitous or attenuated" to satisfy due process.  *Sunward*, 362 F.3d at 24 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 480 (1985)).

Based on the foregoing, defendants' motions (Items 18 and 21) are granted to the extent they seek dismissal of the complaint against the entity named "Seagull Studios," and are denied in all other respects.  Plaintiff's request for leave to amend the complaint to encompass the facts revealed by way of the court-ordered jurisdictional discovery, and to otherwise clarify the pleadings, is granted.  Plaintiff shall file and serve forthwith a clean copy of the "Amended Complaint" identical in all respects to the document attached as Exhibit A to Item 41, and defendants shall plead in response, in accordance with the requirements of the Federal Rules of Civil Procedure.

Upon notice of filing the amended pleadings, the court will set a date for a telephone conference to discuss a schedule for further proceedings in this matter.

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated:   March 5          , 2008
p:\opinions\06-643.feb2208